Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms and adopts the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 EXIBITS
1. A set of documents consisting of six pages constituting certain medical records of plaintiff, marked as Defendants Exhibit Number one, is admitted into evidence.
2. A letter dated 2 April 2000, addressed to plaintiff from Dr. Lawrence R. Smith marked plaintiffs Exhibit Number one was admitted into evidence.
3. An undated handwritten letter to plaintiff signed by Dr. Larry Smith, was entered into evidence as Plaintiffs Exhibit Number two.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the alleged incidents, plaintiff was an inmate in the custody of defendant.
2. Plaintiff alleged negligence by the Central Prison Medical Staff of "K Dorm related to an incident that occurred 4 May 1997. Plaintiff was allegedly assaulted by another inmate(s) in K Dorm. He was treated at Central Prison by Dr. Balloch for a laceration to his lip and a small bump on the left side of his head. Plaintiff was transported to Wake Medical Center Emergency Room where his cervical spine x-rays and CT scan of the head were normal. He was released from Central Prison Hospital back to his dorm on 6 May 1997.
3. Plaintiff alleges that he received an injury during the assault which went undiagnosed and untreated. He claims this injury, a collapsed lung, caused him neck, chest and back pain.
4. Dr. Barbara L. Pohlman, Medical Director, Department of Correction, was accepted as an expert in internal and occupational medicine.
5. On 3 June 1997, plaintiff complained of chest pain and was treated at Central Prison Acute Hospital. Plaintiff was diagnosed with a likely empyema of the lung. Plaintiff was subsequently taken to Wake Medical Center in Raleigh for further evaluation and treatment, and the presence of empyema was confirmed. Empyema is not the equivalent of a collapsed lung, and it is not necessarily the result of trauma. Plaintiff had a series of C-spine x-rays as well as a CT of the head at Wake Medical Center.
6. On 27 June 1997, plaintiff underwent a thoracotomy and decortication at Wake Medical Center to treat his empyema.
7. Dr. Pohlman testified that plaintiff had an empyema and not a collapsed lung. She further testified that plaintiffs medical records showed that his lungs had bacteria in them of a type that originate from the mouth. Dr. Pohlman stated that the medical records showed that plaintiff was treated for pyrexia of the teeth about six weeks earlier and that most likely the origin of the empyema was plaintiffs dental problems. Dr. Pohlman testified that a rib fracture sufficient to puncture a lung would have definitely shown up on either a CT scan or on an x-ray. Finally, Dr. Pohlman stated that plaintiffs medical treatment was appropriate and within the standard of care for this and similar communities.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff was given treatment that met the relevant standard of care and has failed to prove by evidence or testimony any negligence on the part of defendant or its employees. N.C. Gen. Stat. 143-291.
2. Plaintiff has failed to specifically identify any individual(s) who allegedly were negligent.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs claim must be and is hereby, dismissed with prejudice.
2. Each party shall bear its own costs.
This the day of April, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER